You may be seated. The clerk will call the next case. 313-072, Cecil v. David, Illinois, appellee by law in the law school v. Raymount Everett, appellant by Kathleen Weck. Ms. Weck, you may proceed. Good morning, your honors and counsel. May it please the court, my name is Kathleen Weck, assistant appellate defender representing Mr. Raymount Everett. And with the court's permission, if I could reserve three minutes for rebuttal. You'll have five minutes. Thank you. Your honors, the first and foremost issue on appeal is that Mr. Everett was denied his constitutional right to counsel at the post-trial and sentencing proceedings. Although he waived counsel and proceeded pro se at trial, at the first post-trial date, he made it quite clear that he now wanted the assistance of counsel. He showed this by giving the judge a handwritten note asking for a continuance to hire an attorney. The judge refused Mr. Everett's request and the case proceeded to the post-trial sentencing hearing against Mr. Everett's wishes. The court abused its discretion in not letting Mr. Everett revoke his prior waiver of counsel. The rule is that a defendant can be held with waiver of counsel for all stages of proceedings unless he later requests counsel or circumstances indicate that the waiver of counsel is limited. And here Mr. Everett tried to revoke his prior waiver at a new point in the proceedings and the cases have consistently held that he should be allowed to revoke a prior waiver at such a point. As argued in Mr. Everett's briefs, the fact pattern in this case is almost exactly the same as in People v. Palmer, the 2008 case. In Palmer, the defendant waived counsel at trial and at the sentencing hearing and then he made a new request for counsel after sentencing. And the trial court refused, ruling that the defendant had no absolute right to revoke his prior waiver and that he had not shown good cause to allow him to revoke it. But the appellate court held otherwise and said that a defendant does not have to show good cause for revoking his waiver of counsel and that the judge abused his discretion because the defendant tried to revoke his waiver at a new point in the proceedings. So it was a fresh start. So for a remedy, Mr. Everett is asking this court to vacate his sentence and remand for the appointment of counsel at new post-trial proceedings. And if this court grants this remedy, then there is really no need to address the second and third issues raised in the brief, but in the interest of thoroughness, I'd like to briefly address those. First, that this court should vacate the restitution order because the judge failed to comply with the statute and consider Mr. Everett's ability to pay and failed to set a payment schedule by ordering him to pay this $4,995 in two years. And the state agrees that the court did not comply with the statute, but argues that Mr. Everett has forfeited this issue by not raising it in a post-trial motion and not objecting at the proceedings. But actually, as noted in the briefs, he did sufficiently challenge the court's restitution order at sentencing when he said, you know, sir, I'm on a limited income. I don't know that I can pay this in two years. And that would be enough to preserve this issue for review. And also, courts have consistently reviewed such an issue under the second prong of the plain error rule, so that also would be appropriate. And the final issue raised in Mr. Everett's appeal is that the probation fee was improper because the court imposed it without ordering Mr. Everett to be actively supervised during his conditional discharge period. But if this court does not vacate the fee outright, then remand for termination of whether he was actively supervised would be appropriate. Let me just ask, with respect to the first issue, the waiver of counsel, is it at any moment that he made this request on the day of sentencing, you know, at the time right before the hearing? Could a trial judge maybe infer that this motion was made for the purpose of delay? Your Honor, my position would be that it was not even 30 days after the verdict in this case, so it's still within the 30 days even to file a post-trial motion. If it had been the case that he had continually delayed, the cases are consistent like the case of people versus Toy or Pratt that were also discussed in the briefs. If there's several requests and there's a clear showing of delay, perhaps so. But in this case, the position is that it's a fresh start. It's at the first post-trial proceedings. The cases are consistent that when there's no sign that he's trying to gain the system or continually delay, which he had not shown in this case through a prior request for counsel. Was he in jail? Was he incarcerated between the judgment of the finding of guilt and the sentencing hearing? No, he wasn't, Your Honor. No. It was still within 30 days. First request, he realized he was in over his head. He needed an attorney. Perhaps he should have had one from the whole way through. But in this case, he has his constitutional right for the attorney, and we're asking this court to vacate the sentence and remand for the appointment of counsel and further proceedings. Any other questions? Thank you. Thank you. Thank you. Mr. Austell? Good morning. May it please the Court? The defendant argues that the trial judge abused his discretion where the judge denied the defendant's motion to continue to revoke, rather, his waiver of counsel. And the defendant asserts that the trial judge's refusal to grant him a continuance to hire an attorney deprived the defendant of his right to counsel at two critical stages in the post-trial proceedings, sentencing and a hearing on his motion for a new trial. The defendant did not move at any point to revoke his waiver of counsel. On the day of sentencing, the defendant moved for continuance to obtain a lawyer. The defendant did not request an attorney for sentencing, and he moved for continuance after the trial judge had already given the parties three weeks to prepare for sentencing. Also... I mean, how else can you construe his asking for the continuance to get an attorney? I mean, what other purpose would there be? I mean, you don't see that as a request for counsel? He didn't have anybody. He didn't say to the judge, I have a counsel in mind. He didn't identify anyone. There was no one here in the courtroom at that time to represent the defendant. He didn't say he had resources to obtain an attorney. He said he wanted a continuance to obtain an attorney, but he didn't say it was for anything more than even to obtain some advice and that he would use that advice to represent himself. Are you aware of any cases where the first time somebody says, you know, the first waiver of counsel, or the withdrawal of the waiver, and say, you know, hey, judge, change my mind. I think I need a lawyer. The first time that's happened, any cases that have supported a denial of that? Well, I believe our Supreme Court case, Freedman, was the first time. They said that the constitutional right to be represented by counsel cannot be employed to thwart the administration of justice, in other words, and Freedman Court held even where a defendant specifically requests counsel, on the date of a substantive proceeding, the trial judge can reasonably conclude that the request was made solely for the purpose of delay. Well, it's only three weeks out after the finding of guilt. I mean, do you think that allowing some kind of short continuance would thwart the administration of justice? Well, the judge specifically gave them the three weeks to allow the parties, not just the defendant, but both parties to prepare for sentencing. Well, he had 30 days to file a motion, right? Certainly. And 30 weeks isn't even 30 days. Well, I have his motion here, and the proceedings of the transfer, if you would like copies, I'll present those to the court. He did not ask for an attorney. He didn't revoke his waiver. Apparently, he wasn't saying, I want a court-appointed attorney. I want to go get my own lawyer. And certainly we see cases of delay, but I think what sets this apart from anything I've seen is that this was the first shot. And, you know, if he came back and he said, okay, I'm going to give you until whatever, and he comes back in, well, gee, Judge, I haven't found a lawyer, well, too bad. You know, you can tell him, I'm not going to give you another continuance. Certainly, if it was a second attempt, obviously that would look more like an attempt to delay. I don't disagree at all. And in this point, in this case, because the defendant was adamant originally that he was going to represent him at trial and he discharged his public defender and represented himself, he said he had represented himself in the past. He didn't specifically ask for an attorney. He said he wanted the continuance.  Those were the words. But there was no one identified. He didn't say to the judge, I've had three weeks out, and I've been looking for an attorney. Do you have to? Do you have to say, I want Mr. Smith to represent me? Or disappoint the public defender? Or what does he have to do? There is a case law that is saying that, I lost my case law that I was looking for. I'm sorry. But there is case law that does say, I'm sorry, that you have to identify your counsel at the time or have counsel ready. And I apologize that somehow I lost it in my notes here. But even before the trial ended, the jury raised a question to the judge saying, you have to prove your competence to represent yourself. It seems that maybe the question about whether or not Mr. Everett should have been handling this on his own had been raised and the judge says that he was offended by this. But it seems that it might have been apparent even to other people that maybe not that he, I understand you can decide that you want to be in over your head, if that is your desire. But there are also other options, perhaps standby counsel or something. But when it comes to sentencing, it's only three weeks after the trial. It's never made a request before to say, I need a continuance. I need to hire a lawyer or I need to get a lawyer. I want to get a lawyer. I don't know how that is seen as just for the purposes of delay, unless there is some other indication that maybe he had flip-flopped back and forth before. I think if he gets an attorney now, he would have been appointed, and then three weeks later he says, wait, do I want to go on my own again or whatever. I think then you start that ball rolling. But in the first instance, I don't know how we get there that fast. There still would have been time for timely post-trial motions. I'm not sure how in this context you get there without some other evidence that he was somehow trying to just delay these proceedings. The one point that stuck out to me is that on the record, the trial judge concluded that he was creating an issue for appeal. And the defendant didn't say, well, no, I'm not. He acquiesced to that conclusion. I don't think he's got to argue with the judge. I mean, so what if he is? I'm sorry, your Honor? What if he is? If he needs a lawyer and it's appropriate to give him an appropriate stage of the proceeding, get a lawyer, get a lawyer. And that takes care of the appeal problem, right? Sure, it does. And don't disagree with that. I mean, you know, and he didn't say that. Not like he said, can't wait till I get to that court. Although in this case, he might have had something. Looking at the transcript, it becomes a little more apparent, the transcript of the hearing where the judge is discussing this with the defendant, the defendant never comes back and says, I want an attorney. And he's more talking about his bipolar disorder, which the jury had obviously noticed that he's not competent. He's just not what one would call normal, let's say. He has bipolar disease and obviously a little disorganized thinking. And he mentioned at some point that he had a disability, that the jury heard that. And so that was the question, where the question came from, the jury. I don't think there was ever any indication in the record that he was incompetent to represent himself. Well, again, this fellow had a jury. If the guy had come in on the day of jury trial and they've got a veneer of jurors sitting there that they've called in away from their jobs or something, that would be a different thing. But sentencing, who cares? I mean, like I said, we're talking about thwarting the administration of justice. You give the guy another two weeks or something and the judge could tell him, look, be in here with a lawyer or without one, you're called, but you're going to be sentenced two weeks or three weeks from now. So... I don't disagree that that would have been an option, certainly. That would be pretty reasonable, wouldn't it? I wouldn't disagree with that option either. It just wasn't a requirement. We're going to stand on our brief oral argument. What do you say about that restitution order? Well, it didn't follow the statute. We confessed error on it. Any other questions, Your Honor? I don't see any. Thank you, Mr. O'Rourke. Thank you. Ms. Weck for rebuttal. May it please the Court, I don't know that there's too much more to say on this topic except that as far as the clear request for counsel, I think the note he handed up saying he wanted to get a lawyer is a pretty clear request for counsel and the case is also including that Illinois Supreme Court case that Baker says if or if there's changed circumstances in which the defendant is making... putting the Court on notice that his waiver of counsel was only for a limited time, well, again, this is circumstances showing that by putting up the note. Again, the judge was on notice at that point to give him 401A admonishments and offer him an attorney. Clearly this man was indigent as far as he had a public defender at the very beginning of these proceedings or offer him some time, limited time, come get an attorney. If you don't have it, then we're just going to have to proceed. That would have been appropriate. So otherwise, we're asking Your Honors to rule in Mr. Ruppert's favor and grant him the relief he seeks. Thank you. Thank you, Ms. Weck. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued as soon as possible. And right now, we will stand in short recess for a panel change.